DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ROYAL & SUN ALLIANCE INSURANCE, PLC        :

               *Plaintiff,*        :

   - against -        :        **COMPLAINT**

HIGHWAY HAULING EXPRESS, INC.        :

               *Defendant.*        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Plaintiff Royal & Sun Alliance Insurance, PLC (hereinafter "RSA" or "Plaintiff") by its undersigned attorneys, Maloof Browne & Eagan, for its Complaint, alleges on information and belief as follows:

### GENERAL ALLEGATIONS
### APPLICABLE TO ALL CAUSES OF ACTION

**I. JURISDICTION, VENUE AND PARTIES**

       1.    This Court has subject matter jurisdiction pursuant to federal law under 28 U.S.C. § 1331 as a claim arising under an Act of Congress regulating commerce within the meaning of 28 U.S.C. § 1337(a) and pursuant to the Carmack Amendment codified at 49 U.S.C. § 14706 and/or federal common law, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

       2.    At all times material hereto, Plaintiff Royal & Sun was and is a corporation organized and existing under the laws of the United Kingdom, with its principal place of

1

business in the United Kingdom, and was the insurer of the Shipment which is the subject matter of this action.

3. Defendant Highway Hauling Express Inc. (hereinafter "Highway Hauling" or "Defendant") is a corporation organized and existing under the laws of the State of New Jersey, and was and now is engaged in business as, *inter alia*, a carrier of goods by road for hire, forwarder, broker and/or otherwise involved in the transportation of goods and operates and runs routes in this District, and does business in the State of New York and in this District, and is headquartered in the New York metropolitan area.

4. Venue is proper here within the meaning of 28 U.S.C. § 1391(c) and/or 49 U.S.C. § 14706(d) because Defendant is a receiving and/or delivering carrier and/or does business and/or schedules or operates trucks and routes throughout the 48 contiguous United States including the State of New York and the area comprising the Southern District of New York. New York is the most convenient forum because a number of important witnesses involved with the claim are located in the area, including the Defendant Highway Hauling Express and the shipper, Future Tech Enterprise, Inc.

## THE SHIPMENT

5. On or about March 3, 2016 there was shipped by Future Tech from Holbrook, New York a consignment of 15 pallets of computer equipment, then being in good order and condition (the "Shipment"), destined for Redondo Beach, California. The Shipment was delivered to Defendant in good order and condition in Holbrook, New York. In consideration of certain agreed freight charges thereafter paid or agreed to be paid, Defendant agreed to transport and carry the Shipment to Redondo Beach, California and there deliver the Shipment to Northrop Grunman in the same good order and condition as when received. The Shipment is described in

transportation document 1877619 dated March 2, 2016 and/or such other documents as may be deemed to constitute receipts or parts of the contracts of carriage.

6. The Shipment was not delivered at destination in the same good order and condition as received, but on the contrary, was severely damaged and was destroyed in connection with a truck fire en route, all in violation of Defendant's obligations as a carrier and/or under the applicable contracts of carriage.

7. Plaintiff RSA insured the Shipment against loss and damage. By reason of the loss described above, Underwriters was obliged to pay and actually paid $378,736 to Future Tech Enterprises, the shipper of the consignment, and incurred substantial additional other expenses, for which Defendant is legally liable. Plaintiff brings this action on its own behalf and as agent or trustee, for any deductible loss suffered by its assureds, as their respective interests may ultimately appear, and Plaintiff is duly entitled to maintain this action.

8. Plaintiff RSA and its assured have performed all conditions on their parts to be performed.

9. By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $385,000.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND/OR DUTIES UNDER THE CARMACK AMENDMENT

10. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 9 above and all of the allegations below.

11. By reason of the foregoing, the Defendant was a carrier of merchandise and/or a freight forwarder and breached its duties as such under the Carmack Amendment, 49 U.S.C. § 14706, and/or other applicable laws and/or under the applicable transportation contracts.

12. By reason of the foregoing, the Defendant has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $385,000.

## SECOND CAUSE OF ACTION

## BREACH OF BAILMENT OBLIGATIONS

13. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 12 above.

14. The Defendant was acting as bailee of the Shipment at the time of the loss. The Defendant was thereby, or through its contractors, agents, servants or sub-bailees, a bailee who warranted and had a legal duty to safely keep, care for and deliver the said Shipment in the same condition as when entrusted to them and to perform their services as a bailee or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. The Defendant breached those bailment obligations and negligently failed to deliver the Shipment in as good condition as when entrusted to it.

15. By reason of the foregoing, the Defendant has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $385,000.

## THIRD CAUSE OF ACTION

## **NEGLIGENCE/GROSS NEGLIGENCE**

16.     Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 15 above.

17.     The Defendant, by its negligence and/or gross negligence, caused the damage to the Shipment. The Defendant therefore improperly failed to deliver the Shipment to the consignee, or its designee, in as good condition as when entrusted to it.

18.     By reason of the foregoing, the Defendant has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount as nearly as can now be estimated, up to or exceeding $385,000.

WHEREOF, Plaintiff prays:

1.     That process in due form of law may issue against the Defendant citing it to appear and answer all and singular the matters aforesaid;

2.     That judgment may be entered in favor of Plaintiff against Defendant on each of the Causes of Action for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

3.     That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated:  Rye, New York           MALOOF BROWNE & EAGAN LLC
        October 31, 2016

                                By: s/Thomas M. Eagan
                                    Thomas M. Eagan (TE 1713)
                                    David T. Maloof  (DM 3350)
                                411 Theodore Fremd Avenue - Suite 190
                                Rye, New York 10580
                                Tel: (914) 921-1200
                                Fax: (914) 921-1023

5

*Attorneys for Plaintiff*

F:\WP-DOCS\1704.47\Pleadings\Complaint.doc